**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-03810-NYW-NRN

JESUS DOMINGUEZ,

      Plaintiff,

v.

KIEWIT INFRASTRUCTURE CO., and
STEVE ADAME,

      Defendants.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on Defendant Kiewit Infrastructure Co.'s Partial Motion to Dismiss ("Motion") filed on December 18, 2025. [Doc. 25]. The Motion is fully briefed. [Doc. 29; Doc. 30]. Upon review of the Motion, the related briefing, and the applicable case law, the Motion is respectfully **DENIED**.

**BACKGROUND**

The Court draws the following facts from the Complaint [Doc. 6] and takes them as true when ruling on the Motion. On November 2, 2022, Plaintiff Jesus Dominguez ("Plaintiff" or "Mr. Dominguez") was driving eastbound on I-76 in Adams County, Colorado. [*Id.* at ¶ 7]. Plaintiff alleges that Defendant Steve Adame ("Mr. Adame") collided with Plaintiff's vehicle while operating a vehicle owned by Defendant Kiewit Infrastructure Co. ("KIC") (together with Mr. Adame, "Defendants"). [*Id.* at ¶¶ 6–8]. Plaintiff alleges that he suffered damages as a result of the collision. [*Id.* at ¶ 13].

Plaintiff filed suit in state court on September 3, 2025.  *See* [*id.* at 1].  He asserts five claims:  (1) negligence against Mr. Adame ("Claim I"), (2) negligence per se against Mr. Adame ("Claim II"), (3) negligent entrustment against KIC ("Claim III"), (4) negligent hiring, training, supervision, and retention against KIC ("Claim IV"), and (5) vicarious liability against KIC ("Claim V").  [*Id.* at ¶¶ 27–66].  Defendants removed the case to this Court.  *See* [Doc. 1].  KIC then filed the Motion, raising an affirmative defense of statute of limitations under Rule 12(b)(6).  [Doc. 25 at 1].  KIC argues Claim III and IV do not arise out of the use or operation of a motor vehicle and are thus barred by Colorado's two-year statute of limitations pursuant to Colo. Rev. Stat. § 13-80-102(1)(a).  [*Id.* at 1–3].  Plaintiff counters that the claims arose out of the use or operation of a motor vehicle and thus fall under the three-year statute of limitations found in Colo. Rev. Stat. § 13-80-101(1)(n)(I). [Doc. 29 at 2].

**LEGAL STANDARD**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Walker v. Mohiuddin*, 947 F.3d 1244, 1248–49 (10th Cir. 2020) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (quotation omitted).  In making this determination, the "court accepts as true all well-pleaded factual allegations in [the] complaint and views those

2

allegations in the light most favorable to the plaintiff." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018).

"A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *WildEarth Guardians v. Mountain Coal Co.*, No. 20-cv-01342-RM-STV, 2021 WL 1186669, at *1 (D. Colo. Mar. 30, 2021) (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)). "A federal court sitting in diversity applies state law for statute of limitations purposes." *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005). Finally, when different time periods for filing suit may apply, Colorado courts employ three rules of statutory construction: "(1) the more specific of two statutes applies; (2) the later-enacted statute applies over the earlier-enacted statute; and (3) because statutes of limitation are in derogation of a presumptively valid claim, the longer statutory period for filing a lawsuit applies over the shorter period." *City & Cnty. of Denver v. Gonzales*, 17 P.3d 137, 140 (Colo. 2001).

## ANALYSIS

Colorado's general statute of limitations for tort actions is two years, as set forth in Colo. Rev. Stat. § 13-80-102(1)(a). Some actions, however, are subject to a three-year limitations period. *See* Colo. Rev. Stat. § 13-80-101. The Parties' dispute turns on whether Claims III and IV are entitled to the three-year statute of limitations for "[a]ll tort actions for bodily injury or property damage arising out of the use or operation of a motor vehicle." Colo. Rev. Stat. § 13-80-101(1)(n)(I).

The Colorado Supreme Court has interpreted this language broadly. In *Gonzales*, the court interpreted the phrase "arising out of" to mean "to originate from, grow out of, or

3

flow from." *Id.* at 140–41; *see also Trinity Universal Ins. Co. v. Hall*, 690 P.2d 227, 230 (Colo. 1984) (adopting same definition for comparable language in the Colorado Auto Accident Reparations Act). It also stated that the "arising out of" language "does not require a strict causal connection between the use or operation of a motor vehicle and the accident; some causal connection suffices." *Gonzales*, 17 P.3d at 141. And situating § 13-80-101(1)(n)(I) within the broader statutory scheme, the court discerned a legislative "intent to apply the three-year period to *all* tort actions for bodily injury or property damage involving a motor vehicle." *Id.* at 141. The *Gonzales* court thus held that § 13-80-101(1)(n)(I) "applies when the plaintiff's bodily injury or property damage arises from the use or operation of a motor vehicle, *whether or not the alleged tortfeasor used or operated a motor vehicle*." *Id.* at 140 (emphasis added); *see also Nesjan v. J & A Distrib., Inc.*, 580 P.3d 596, 598, 601 (Colo. App. 2025) (applying the three-year statute of limitations where plaintiff was injured while inspecting a truck).

Plaintiff was involved in a collision while operating a motor vehicle. [Doc. 6 at ¶ 7]. His claims and injuries arise from the collision. Applying *Gonzales*, the Court respectfully concludes that Claims III and IV satisfy § 13-80-101(1)(n)(I) as arising out of the use or operation of a motor vehicle.

Finding no support in *Gonzales*'s holding, KIC seeks to distinguish it and *Nesjan* on the facts. [Doc. 30 at 6–7]. KIC argues that the claims of negligent conduct in *Gonzales* and *Nesjan* directly involved motor vehicles, unlike the negligent entrustment and hiring claims that Plaintiff asserts, which deal with motor vehicles indirectly.[1] [*Id.*].

---

[1] KIC asserts that "Colorado courts do not apply a three-year statute of limitations simply because a motor vehicle is involved in the factual background of the case," and cites a handful of non-binding cases in support. [Doc. 25 at 5]. None of these cases dealt with

The Court is unpersuaded. *Gonzales* featured two consolidated plaintiffs who suffered injuries while driving motor vehicles, but whose alleged tortfeasors were not operating motor vehicles. *Id.* at 139. Relevant here, one plaintiff was injured when his motorcycle hit a pothole. *Id.* He sued the City and County of Denver for a negligent failure to repair the pothole or warn drivers of its presence. *Id.* The Colorado Supreme Court found that § 13-80-101(1)(n)(I) applied because the plaintiff's use of a motor vehicle had some causal connection to the damages, even though the alleged negligence did not involve the defendant's operation of a motor vehicle. *Id.* Similarly, *Nesjan* involved a plaintiff who suffered injuries while inspecting the defendant's truck. 580 P.3d at 597. In concluding that inspection of a truck by a mechanic constitutes "use of a motor vehicle," the Colorado Court of Appeals focused exclusively on whether the plaintiff's injuries arose from *his* use of the truck, not any use or operation of the truck by the *defendant*. *See id.* at 601. Both of these cases reinforce *Gonzales*'s holding that the inquiry is whether the injury "arises from the use or operation of a motor vehicle," regardless of whether the defendant itself was using or operating the vehicle. 17 P.3d at 140.

Finally, the three rules of statutory construction mentioned in *Gonzales* further indicate that the three-year statute of limitations applies. First, § 13-80-101(1)(n)(I) is more specific than § 13-80-102(1)(a) because it applies only to tort claims involving the

---

the scope of § 13-80-101(1)(n)(I), and it does not appear that the parties in those cases raised the issue. *See, e.g.*, *Turner v. Osgood*, No. 24-cv-01945-LTB-RTG, 2024 WL 6816145, at *2 (D. Colo. Nov. 7, 2024), *recommendation adopted*, 2024 WL 6816138 (D. Colo. Dec. 4, 2024); *Tomer Bank v. State Farm Mut. Auto. Ins. Co.*, No. 04CA0735, 2006 LX 74187, at *8–11 (Colo. App. Feb. 2, 2006). The Court respectfully declines to read any implicit holdings into these cases. And even if these cases' failure to mention § 13-80-101(1)(n)(I) does somehow conflict with *Gonzales*, the Court must follow the Colorado Supreme Court's analysis of the statute in *Gonzales*. *See Romero v. Int'l Harvester Co.*, 979 F.2d 1444, 1449 n.3 (10th Cir. 1992).

use and operation of motor vehicles, whereas the latter could apply to many more types of tort claims. *Gonzales,* 17 P.3d at 141. Second, the Colorado General Assembly enacted § 13-80-101(1)(n)(I) some years after its passage of § 13-80-102(1)(a). *Id.* Third, § 13-80-101(1)(n)(I) has a three-year filing period whereas § 13-80-102(1)(a) has only a two-year period. *Id.* All three rules demonstrate, in addition to the reasoning above, that Plaintiff's claims of negligent entrustment and negligent hiring fall under the three-year statute of limitations.

In short, Plaintiff brings tort claims for injuries arising out of the use or operation of a motor vehicle. *See* [Doc. 6]. The three-year statute of limitations therefore applies to Plaintiff's negligent hiring and entrustment claims.[2] And because the dates given in the Complaint indicate that Plaintiff filed suit within the three-year limitations period, the Court respectfully declines to dismiss Claims III and IV as barred by the statute of limitations. *See Sierra Club,* 816 F.3d at 671.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Defendant Kiewit Infrastructure Co.'s Partial Motion to Dismiss [Doc. 25] is

**DENIED**.

---

[2] The Parties also dispute whether negligent hiring and negligent entrustment claims are derivative of an employee's negligence or not and thus whether they stand as "separate torts." [Doc. 29 at 5; Doc. 30 at 2]. The Court does not reach this issue. Because Plaintiff's third and fourth claims independently "arise from" the use or operation of a motor vehicle, the Court need not decide whether these claims could also qualify for the three-year statute of limitations by being derivative of the claims against Mr. Adame.

DATED:  June 12, 2026                    BY THE COURT:

Nina Y. Wang
United States District Judge